UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Shanghai Tainai Bearing Co., Ltd. and C&U Americans, LLC<br><br>       Plaintiffs,<br><br> v.<br><br>United States,<br><br>       Defendant. | Court No. 23-00020<br><br>Complaint |

**COMPLAINT**

Plaintiffs Shanghai Tainai Bearing Co., Ltd. and C&U Americans, LLC, by and through their attorneys, alleges and states the following claims against the defendant United States.

**JURISDICTION**

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 administrative review of, *Tapered Roller Bearings and Parts Thereof, Finished and Unfinished from the People's Republic of China* as amplified by the Issues and Decision Memorandum for the Final Results, which was incorporated by reference in the Final Results *Federal Register* notice published at 88 Fed. Reg. 1,359 (January 10,

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 23-00020
February 21, 2023
Page 2

2023).

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiff Shanghai Tainai Bearing Co., Ltd ("Tainai") is a Corporation organized under the laws of the People's Republic and/or Hong Kong.  Plaintiff C&U Americas, Llc ("C&U") is a Corporation organized under the laws of the United States.  Plaintiff Tainai produced Tapered Roller Bearings in the People's Republic and exported the same to the United States.  Plaintiff C&U imported, distributed and sold Tapered Roller Bearings in the United States.  Both parties were active participants in the Administrative Review and Tainai was designated as a mandatory respondent.

4. Pursuant to 19 U.S.C. §1516a(2), all plaintiffs are interested parties as defined in 19 U.S.C. §1677(9)(A) as all plaintiffs were parties to the proceeding in connection with which this matter arises.

5. Plaintiffs have standing under 28 U.S.C. §2631(c) to commence this action.

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 23-00020
February 21, 2023
Page 3

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on February 6, 2023, which was within thirty days after the date of the publication of the final results in the *Federal Register*. Plaintiffs are filing this complaint on February 24, 2023, which is within thirty days from the date of the filing of the Summons in accordance with Rule 6(a)and satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7.  On August 3, 2021, pursuant to a request for review filed on June 30, 2021 by Koyo Bearings North America LLC, on behalf of the U.S. domestic industry, the Department initiated the Administrative Review underlying this matter. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 86 Fed. Reg. 41821 (August 3, 2021).

8.  Between October 15, 2021 and June 16, 2022, plaintiffs submitted responses to the Department's questionnaires.

9.  On July 8, 2022 the Department published the preliminary results for the administrative review. Plaintiff Tainai was assigned a rate of 36.03%. See *Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from the People's Republic of China: Preliminary Results and Partial Rescission of*

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 23-00020
February 21, 2023
Page 4

*Antidumping Administrative Review; 2020-2021*, 87 Fed. Reg 40792 (July 8, 2022).

10. On August 15, 2022, plaintiffs filed an administrative case briefs with the Department of Commerce challenging the preliminary results.

11. On August 23, 2022, the domestic industry filed an administrative rebuttal brief with the Department of Commerce,

12. On January 5, 2023, the Department issued the final results. On January 10, 2023, these results were published in the Federal Register at 88 Fed. Reg. 1360. In the final results the Department assigned a rate of 36.03% based on "partial" adverse facts. The rate assigned to Tainai was assigned to all other respondents found to be qualified to receive a separate rate.

## STANDARD OF REVIEW

13. The standard of review of a final determination made by the Department of Commerce in an antidumping case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539

(1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

14. This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

15. The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein

16. The Department's decision to take partial adverse inferences is not supported by the facts.

17. With respect to the inputs to which partial adverse facts were applied, there is no missing information. The Department valued these inputs using surrogate values for finished inputs, and thus the factors of production that go into these inputs is not relevant.

18. The Department cannot take adverse inferences in the absence of missing information and the Department's determination to do so was arbitrary and capricious and an abuse of discretion.

## COUNT TWO

19. The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein

20. Tainai fully responded and provided all of the information in its possession. The allegedly missing information was information of unrelated third parties that refused to provide such information to Tainai.

22. The taking of partial adverse inferences where the missing information was not relevant to the determination and where the failure to provide the data was the result of a refusal of unrelated parties is not appropriate.

23. The taking of partial adverse inferences was arbitrary and capricious and an abuse of discretion.

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 23-00020
February 21, 2023
Page 7

## COUNT THREE

24. The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein

25. In calculating the financial ratios, the Department used the financial statement for Timken Romania. Among the flaws, the super-majority of the transactions were made with related parties. As such, the financial statement for Timken Romania was badly distorted and thus fatally flawed and could not serve as a basis for financial statements.

26. The Department's decision to use the financial statement for Timken Romania as the basis for the financial ratios was arbitrary and capricious and an abuse of discretion.

## COUNT FOUR

27. The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein.

28. If the Department uses the financial ratios for Timken Romania, if should also use the financial ratios for Compa S.A. and Rulmenti.

29. The Department has a preference to use more than one financial statement in calculating financial ratios. Where multiple financial statement have flaws, using all of the financial statements decreases the impact of the flaws.

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 23-00020
February 21, 2023
Page 8

30. The Department's decision to use the financial statement for Timken Romania as the basis for the financial ratios was arbitrary and capricious and an abuse of discretion.

## COUNT FIVE

31. The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein.

32. Certain components were valued based on finished products. The Department applied financial ratios to these finished product values resulting the double counting of these ratios. The Department should not have applied financial ratios to these components.

33. The Department's application of financial ratios to completed components is arbitrary and capricious and an abuse of discretion.

## COUNT SIX

34. The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein.

35. The Department deducted payments of 301 duties from U.S. price. Such duties should not have been deducted from U.S. price.

36. The Department's deduction of 301 duties from U.S. price is arbitrary and capricious and an abuse of discretion.

## COUNT SEVEN

37.    The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein.

38.    The Department did not include all payments received from the customer on the sales of goods as part of the price paid.  Rather, the Department did not include payments collected from the customers for 301 duties which exceeded the amount of the 301 duties actually paid.  All payments received from the Customer should have been included in the evaluation of the U.S. sales.

39.    The Department's deduction of 301 duties from U.S. price is arbitrary and capricious and an abuse of discretion.

## COUNT EIGHT

40.    The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein.

41.    The production process produced readily identifiable valuable by-products.  The Department did not grant an offset for such by-products.

42.    The Department's refusal to grant an offset is arbitrary and capricious and an abuse of discretion.

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 23-00020
February 21, 2023
Page 10

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to eight of plaintiffs' complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

                                              Respectfully submitted,

                                              /s/ David J. Craven

                                              David J. Craven
                                              Counsel to Shanghai Tainai Bearing
                                              Co., Ltd. and C&U Americans, LLC

Date <u>February 21, 2023</u>

                                              Craven Trade Law LLC
                                              3744 N Ashland
                                              Chicago, IL 60613
                                              (773) 245-4010
                                              dcraven@craventrade.com